GLD-267                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3169
_____

In re:

JEROME MCDAVIS,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civil No. 2-09-cv-04200)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 23, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: August 31, 2012 )
_____

OPINION
_____

PER CURIAM

Petitioner, Jerome McDavis, seeks a writ of mandamus compelling the District

Court to "give its disposition as required," hold a jury trial, and appoint counsel.  For the

following reasons, mandamus relief is not warranted.

McDavis filed a complaint alleging destruction of legal material and interference

with court mail by the prison at which he was incarcerated.  He also applied for in forma

pauperis status, which the District Court denied. He then moved for reconsideration, which the District Court also denied. McDavis timely filed notice of appeal and, later, moved to proceed in forma pauperis on appeal. We dismissed the appeal for failure to timely prosecute insofar as McDavis failed to pay the requisite fee as directed after his motion to proceed in forma pauperis was denied. McDavis then filed a "Fed. Rule (69) writ of execution/and or – civil and criminal contempt charge's for the name defendants and there co conspirator's mention in the writs," which the District Court denied as frivolous on January 10, 2011. McDavis filed this mandamus petition nineteen months later, in August 2012.

Issuance of a writ of mandamus is proper in only extraordinary circumstances. In re Grand Jury, 680 F.3d 328, 340 (3d Cir. 2012). Its traditional purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). A petitioner must demonstrate a "clear and indisputable" right to the writ. Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976).

To the extent McDavis seeks "disposition" of his Rule 69 motion, or any other motion, the District Court has in fact already disposed of it by denying it. To the extent he seeks a jury trial and counsel, there is, similarly, no claim left to dispose of; he is consequently entitled to neither.

Accordingly, we will deny the mandamus petition.

2